UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MABRY, :

    Petitioner :
                                   CIVIL ACTION NO. 3:17-2358
v. :
                                   (Judge Mannion)
KATHY P. LANE, Warden :

    Respondent :

**MEMORANDUM**

**I. Background**

Petitioner, James Mabry, an inmate currently confined in the Allenwood Low Security Institution, White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges "the accuracy of the information used to create [his] custody classification." Id. Specifically, Mabry contends that "custody classification is to be reflective of a number of factors" and "it is to represent what one was actually found guilty of or plead guilty to" and "there should be no consideration given to dismissal or dropped charges." Id. Additionally, Petitioner claims that "with the change in drug laws, the possession of 6.8 grams of cocaine now places [him] into a low moderate risk classification category." Id. As relief, he seeks "the institution to re-classify [him] properly

based on current law and BOP program statements", as he believes he is "more properly classified as a low moderate risk inmate." Id. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

II. **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement

in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Moreover, in Levi v. Ebbert, 353 Fed. Appx. 681, 682 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit concisely stated that claims concerning the determination of a federal prisoner's custody level "do not lie at the 'core of habeas' and, therefore are not cognizable in a §2241 petition." The Court of Appeals observed that habeas corpus review should not be undertaken because the custody classification claims asserted did not challenge the fact or length of the prisoner's confinement. See id. Levi also correctly noted that prisoners simply "have no constitutional right to a particular classification." Id. See also Schwarz v. Meinberg, 2011 WL 2470122 *2 (C.D. Ca. May 31, 2011) (custody classification claims by federal inmate not cognizable on habeas review).

In the instant case, Petitioner's challenge to his current custody classification is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does

3

he seek to be released sooner from prison. Rather, Petitioner complains that his current custody classification is not in accordance with BOP policy. This classification, however, does not affect the length of his sentence. Significantly, Petitioner does not seek relief that would shorten the length of his current sentence and incarceration in prison. Nor does he seek release from prison by attacking the legality of his judgment or conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. A claim concerning the determination of custody classification does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Moreover, prisoners have no constitutional right to a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Consequently, the petition will be dismissed without prejudice to any right Mabry may have to reassert his claim in a properly filed civil rights complaint.

III. **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

4

U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, —U.S.—, —, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2358-01.wpd

5